IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYED ALI SHAH, AND ALL OTHERS SIMILARLY SITUATED PLAINTIFFS, <br><br>v.<br><br>ZOHRA KHOWAJA AND MAHEEN LLC DEFENDANTS. | Civil Action File No.<br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, SYED ALI SHAH, and all others similarly situated, and complain of Defendants Zohra Khowaja and Maheen LLC (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); as such, the action is authorized and instituted pursuant to a federal statute.

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Syed Ali Shah ("Mr. Shah" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

### II.
### JURISDICTION AND VENUE

3. Mr. Shah, on his behalf and on behalf of the plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA.

4. The Honorable Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over the Defendants because Defendants routinely conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Syed Ali Shah**, Plaintiff, is a resident of Brazoria County, Texas.

8. **Members of the "Plaintiff Class"** are current and former hourly and non-exempt salaried employees of Defendants who work, or have worked, at one or more of Defendants' establishments that collectively comprise an enterprise under the FLSA.

9. Defendant, **Zohra Khowaja,** is an individual who may be served with summons and complaint at her residence located at 14231 FM 1464 Road, Apartment 11206, Sugar Land, Texas 77498-7673, or at any other address where she may be found. This Defendant, along with other individuals, owns and operates an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an "employer", Ms. Khowaja is personally and individually liable to Plaintiff and members of the Plaintiff Class.

10. Defendant, **Maheen LLC,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Ms. Zohra Khowaja, at her residence located at 14231 FM 1464 Road, Apartment 11206, Sugar Land, Texas 77498-7673, or at any other address where he may be found. This Defendant is part of an

"enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce. This defendant is a joint employer, or employer, of Plaintiff and members of the Plaintiff Class.

11. Whenever in this complaint it is alleged that the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

12. At all material times, Defendants, individually and collectively, have been an "employer" or joint "employer" within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

14. At all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r). Defendant Zohra Khowaja collectively owns and operates convenience stores and gasoline stations in and around the Houston Metropolitan Area. These businesses are an "enterprise", in that they are businesses performing related activities (i.e., all convenience stores / gasoline stations), performed through unified operation and common control, by related individuals for a common business purpose.

15. Individual coverage under the FLSA exists because at all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce. 29 U.S.C. §§ 206-207.

16. Alternatively, Enterprise coverage under the FLSA exists because (1) some or all Defendants have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) the annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. §203(s)(1)(A)(i)-(ii).

## IV.
## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

18. Other employees have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA, in that other similarly situated employees have been, and are being, denied their lawful wages, and Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid wages.

19. The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

20. Furthermore, although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter highly appropriate as a collective action under 29 U.S.C. § 216(b).

21. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants have denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to the Plaintiff, and are thus appropriate members of the Plaintiff Class.

22. All current and former non-exempt employees employed by Defendants' business establishments, who at any time during the three years prior to the date of filing of this action to

the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

23. Plaintiff thus seeks to represent a class comprised of <u>all current and former employees the Defendants' "enterprise" employed as hourly or non-exempt salaried workers (1) who worked at any business establishment of Defendants' "enterprise" located in the Houston Metropolitan Area that was owned, operated and / or acquired during the class period, and (2) who the Defendants' "enterprise" either (a) misclassified as exempt from overtime wages, or (b) failed to compensate at the proper hourly overtime rate</u>.

24. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

25. In order to brief the Court in an efficient and effective manner by timely filing a motion for collective action certification, Plaintiff intends to seek discovery from each Defendant within 90 days after the parties' Rule 16 scheduling conference pertaining to the identity and contact information of all similarly situated employees that, during the past three years, have been employed for at least one workweek at any business establishment that is or was a part of Defendants' enterprise. Plaintiff will further conduct discovery pertaining to all business establishments that are or have been owned and/or operated by the named individual Defendant.

## V.
## FACTS

26. At all times relevant to this action, Defendants' "enterprise" has been subject to the requirements of the FLSA.

27. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial.

28. Defendants and / or Defendants' "enterprise" employed Mr. Shah as a store clerk at their business establishment doing business as "Rosharan Food Mart", located at 4230 FM 1462, Rosharon, Texas 77583.

29. Mr. Shah's employment began December 1, 2016, and ended September 1, 2017.

30. Mr. Shah was promised an hourly wage at $15.00 per hour.

31. Although he worked overtime every week of his employment, Mr. Shah did not receive any overtime wages.

32. Throughout his employment, Mr. Shah was required to perform duties typically performed by "hourly" or non-exempt employees. As a store clerk, Mr. Shah operated the cash register, assisted customers with their purchases of gasoline and food items, and cleaned and maintained Rosharan Food Mart's premises.

33. During each workweek, Mr. Shah was required to work at least during the following times, if not more:

- Monday – Thursday:   11:00 a.m. until 10:30 p.m.
- Friday, Saturday:    11:00 a.m. until 11:30 p.m.
- Sunday:              10:00 a.m. until 10:30 p.m.

34. Similarly, during the last three years, all non-exempt workers employed by all business establishments owned and/or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management required it.

35. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees, which duties routinely required Plaintiff and other similarly situated

employees to work "overtime" hours as defined by 29 U.S.C. § 201, *et seq*.

36. Mr. Shah and all other similarly situated employees were not paid at the proper premium hourly rates for the overtime hours they worked each week.

37. As such, Mr. Shah and all other similarly situated non-exempt employees of the Defendants were together victims of a common policy, which common policy violated the FLSA. As victims of a common policy that violated the FLSA, Plaintiff and all other similarly situated non-exempt employees of the Defendants may properly be joined as a class under 29 U.S.C. § 216(b).

38. Corporate fragmentation of an enterprise cannot defeat the fact that Defendant Zohra Khowaja collectively owned and operated convenience stores / gasoline stations that were all operated in an identical manner and that were all collectively engaged in businesses performing related activities (i.e., all convenience stores / gasoline stations), performed through unified operation or common control, by related individual(s) for a common business purpose.

39. Plaintiff and all other similarly situated employees thus sue the Defendants as a class for their unpaid overtime wages owed under the FLSA.

## VI.
## CAUSES OF ACTION
(Failure to pay wages in violation of the FLSA)

40. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

41. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

42. During his employment, Mr. Shah routinely worked in excess of 40 hours per week.

43. Defendants did not pay Plaintiff his overtime compensation for the weekly hours he worked in excess of 40, for which he now sues pursuant to 29 U.S.C. §§ 206-207.

44. Defendants also failed, and continue to fail, in paying the overtime wages owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

45. As such, Defendants violated 29 U.S.C. § 201, *et seq*., by failing to pay Plaintiff and all other similarly situated employees' "overtime" wages.

46. Defendants knowingly and willfully carried out their illegal pattern and practice of not paying their employees' overtime wages, and thereby evaded their legal obligations under 29 U.S.C. § 201, *et seq*.

47. Plaintiff and all others similarly situated seek an amount of back-pay equaling the unpaid overtime wages earned from the date they commenced employment for the Defendants until the date of trial (or their last day of employment, if earlier).

48. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed under 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

49. Defendants do not possess contemporaneous, complete and accurate records of the number of hours worked by Plaintiff and by other similarly situated employees.

50. If Defendants possess such time records, Plaintiff and members of the Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any records that are in any way related to the matters asserted herein, including any correspondence between Defendant, Plaintiff, and / or members of the Class, and any records required to be maintained by the FLSA and the Texas Payday Act.

51. There exists a substantial likelihood that Plaintiff and members of the Class will prevail at the trial of this matter, and that the Defendants will be assessed a final judgment, jointly and severally, in an amount equal to (or substantially equal to) the amount sought at trial.

52. The harm that will result is irreparable because Plaintiff and members of the Class will not be able to replicate the destroyed evidence.

53. Plaintiff will have no adequate remedy at law if Defendants destroy records pertaining to his employment, and thus he seeks the Court to place Defendants on notice regarding the spoliation of all such evidence.

## VII.
## ATTORNEYS' FEES AND COSTS

54. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

55. Plaintiff, and all others similarly situated, seek to recover their attorneys' fees and costs for bringing this action. 29 U.S.C. § 216(b).

## VIII.
## JURY DEMAND

56. Plaintiff, and all others similarly situated, demand a jury trial on all issues that may be tried to a jury.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF SYED ALI SHAH, and all others similarly situated, respectfully request that upon final hearing, the Court grant the Plaintiff and all others similarly situated, joint and several relief against Defendants Zohra Khowaja and Maheen LLC, as follows:

    a. Order Defendants to reveal the identity and contact information of Defendants' similarly situated non-exempt employees during the three (3) years immediately preceding the filing of this lawsuit;

b. Authorize issuance of notice to all such similarly situated employees, informing them of their right to participate in this collective action lawsuit as an opt-in plaintiff;

c. Declare the Defendants collectively violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day workweek;

d. Declare the Defendants collectively violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiff's wages earned at rates other than the overtime pay rate;

e. Enjoin the Defendants from failing to pay their current non-exempt employees at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day workweek;

f. Declare that Defendants' violations of the FLSA are willful as to the three-year lookback period and as to liquidated damages;

g. Order the Defendants to pay liquidated damages to Plaintiff, and to all others similarly situated, in an amount equal to the unpaid overtime wages;

h. Enter an injunction restraining the Defendants from destroying any payroll or other relevant records;

i. Order Defendants to pay Plaintiff's and all other similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

j. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against Defendants' enterprise; and,

k. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to the Plaintiff, and to all other similarly situated employees of Defendants' enterprise.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff
Syed Ali Shah**